MALCOLM v. FAGAN, appellant.

*Promissory note — accommodation indorser — Evidence.*

Execution was issued on a judgment against P. and F., on which P.'s property was seized and advertised for sale. F., at the request of P., made a note to help raise money to pay for P.'s property at the sale, and the note was indorsed by defendant and delivered to plaintiff, who had it discounted together with one of his own notes, and with the proceeds of the two notes bid in the property at the sale and held it as security. In an action against defendant, on the note made by F., the defense was that the note was made without consideration, and delivered to plaintiff without consideration, to raise money to pay for the property at the sale, and that plaintiff still held the property which he bid off. *Held,* (1) that it was error to exclude evidence offered by defendant of what P. said to F. when the note was made, as to the purpose to which it was to be applied, but the fact being afterward proved by other witnesses the error could not injure defendant; (2) that it was correct to exclude evidence of what F. said to plaintiff, in reference to the purpose of the note, after he had raised the money on it; (3) that it was correct to exclude evidence offered by defendant to show that it was arranged between F. and P. that the note should not be used, but should be placed in plaintiff's hands as security to him for purchasing the property, and that plaintiff negotiated the note notwithstanding the arrangement was made known to him when he received the note, no such defense having been set up in the answer; and (4) that a judgment on the note in favor of plaintiff was right.

APPEAL by defendant Fagan from a judgment entered on report of a referee. The action was brought by Norman Malcolm against William T. Fagan, James A. Fagan and Charles Phelps, upon a promissory note. The opinion states the facts. The referee, before whom the cause was heard, found in favor of plaintiff, and after judgment defendant William T. Fagan appealed to this court.

*H. R. Hadley* and *Francis Kernan,* for appellant, cited *Bay* v. *Coddington,* 5 Johns. Ch. 54 ; *Weaver* v. *Barden,* 49 N. Y. 286 ; *Small* v. *Smith,* 1 Denio, 583 ; *Rochester* v. *Taylor,* 23 Barb. 18.

*Fiske & Ballou,* for respondents, cited 1 Greenl. on Ev., § 171 ; *Peck* v. *Yorks,* 47 Barb. 131 ; *Delaplaine* v. *Hitchcock,* 4 Edw. Ch. 321–9 ; *Farrington* v. *Frankfort Bank,* 31 Barb. 183–7 ; *Keshan* v. *Gates,* 2 N. Y. Sup. 288 ; *Halliday* v. *Hart,* 30 N. Y. 474.

MULLIN, P. J. The facts in this case are as follows, viz.: Prior to the 14th of June, 1873, execution had been issued on judgments against one Phelps and James A. Fagan, on which the property of Phelps had been seized and advertised for sale. James A. Fagan, at the request of Phelps, made the note in suit for $230 to help raise money to pay for Phelps' property, at the sheriff's sale, on the judgments, and he procured it to be indorsed by William T. Fagan and Phelps, and it was delivered to the plaintiff to be used as he (plaintiff) claims, together with one to be made by himself for a sum which, with the note in suit, would equal the amount due on the judgments.

The executions were on judgments on notes made and indorsed by Phelps and discounted for Fagan's benefit. Plaintiff took the note in suit, made one of his own, procured them to be discounted by a banker at Boonville, Oneida county, and with the proceeds bid in the property at the sale on the executions, and thereafter held the title to the property as security for the amount raised upon his note.

William T. Fagan alone defends, and his defense is that the note in suit was made and indorsed by James A. Fagan without consideration, and that it was delivered to plaintiff without consideration to raise money to pay the executions above mentioned; that Phelps took the note after it was made and indorsed and gave it to plaintiff as his agent, to raise part of the money to pay said executions and to bid in the property of Phelps at a sale thereof, and to hold it

when bid in for his (Phelps') benefit, and that it was bid in by plaintiff, and is of value greater than the amount of the executions; that plaintiff afterward took the note from the bank and held it, and the property bid in by him; and that Phelps was not indebted to plaintiff when the note in question was delivered to him.

On the trial before the referee plaintiff proved the making and indorsement of the note, and protest and notice thereof, and rested.

James A. Fagan, the maker and first indorser of the note, was examined as a witness by the defendant, and after testifying that Phelps asked him to make the note, the defendant offered to show by him what Phelps said to him as to the purpose to which he proposed to apply said note. The plaintiff's counsel objected to the evidence and it was excluded, and defendant's counsel excepted.

I am unable to discover any objection to the evidence. The defense was that the note was made and indorsed as an accommodation note for Phelps' benefit. This fact could be established as well by showing the use to be made of it as in any other way, and the intended use could only be ascertained by what was said when Phelps obtained it or applied for it. It was no objection to the evidence that Phelps was not a party to the note. But the fact was proved by other witnesses, and the rejection of it when offered could not injure the defendant.

The same witness proceeded to testify that he had two interviews with plaintiff, one of which was when one Jones was present, in which plaintiff said he had taken the note in suit and one made by himself, and got them discounted at Thompson's Bank and bid in Phelps' property with the money he got for the two notes, and Phelps had promised to pay the note, he (plaintiff) had made, and if he did, he would give the note in suit to Phelps.

The defendant's counsel then offered to show by the witness that at that interview he told plaintiff that the note in question was given to Phelps to be put in plaintiff's hands as security to plaintiff, who was to bid in Phelps' property, then advertised for sale. The evidence was objected to as immaterial and incompetent. The objection was sustained, and defendant's counsel excepted. This interview, I infer from the evidence, did not take place until after plaintiff had raised the money and bid in the property. His rights to this note in suit were fixed sometime before that, and nothing the witness could then say could impair the title of the plaintiff to the note.

The defendant's counsel next offered to show that it was arranged

between the witness and Phelps that the note in question should not be used; that.it should be placed in plaintiff's hands as security to him, and he should purchase Phelps' property in on the sale, and that it was so delivered to plaintiff and was negotiated by him in violation of that arrangement, and that said arrangement was made known to plaintiff when the note was delivered to him. Plaintiff's counsel objected to the evidence, and it was rejected, and defendant's counsel excepted.

The parties to accommodation paper may restrict the use that is to be made of it, and if it is devoted to a different use they will be discharged. Edwards on Bills, 316. Do the facts offered to be proved, tend to establish a diversion ? The first clause of the offer is to show that the note was not to be used. This must mean, giving a reasonable construction to the language, that it was not to be transferred by the plaintiff to any other person, but was to be held by him as security for the money he should procure and advance to pay for the property at the sheriff's sale.

In this view of the offer it was competent. But unfortunately, there is no such defense set up in the answer; on the contrary, the defense that is set up, assumes that the plaintiff had the right to use the note without restriction.

The judgment of the referee is right, and should be affirmed.

*Judgment affirmed.*